IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHIRLEY L. GRIEGO,

      Plaintiff,

v.                                                         CV 14-446 WPL

CAROLYN W. COLVIN, *Commissioner*
*of the Social Security Administration*,

      Defendant.

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

Shirley Griego filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 30.) The Social Security Administration ("SSA") filed a response, but takes no position on this motion as it is not the true party in interest. (Doc. 31); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For the reasons explained below, I grant Griego's motion.

### BACKGROUND

Griego filed a claim for supplemental security income and disability insurance benefits. After her claim was denied at all administrative levels, she brought an action for judicial review, represented by the Martone Law Firm, P.A. Concluding that the administrative law judge ("ALJ") committed legal error, I remanded the matter to the SSA for a rehearing. Griego then filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 28.) I granted the motion and awarded $2,000.00 in attorney fees. (Doc. 29.)

On remand, the ALJ issued a fully favorable decision dated January 26, 2016, finding that Griego has been disabled since March 7, 2011. (Doc. 30-1 at 12.) An "Important Information" notice was sent to Griego and her attorneys on October 4, 2016, stating that the

SSA withheld $6,107.25 for payment of attorney's fees and that this amount represents the balance of 25% of Griego's past-due benefits. (Doc. 30-2 at 1.)

On January 10, 2017, the Martone Law Firm filed the instant motion seeking attorneys' fees pursuant to 42 U.S.C. § 406(b). Noting that counsel was awarded $7,080.00 in fees for work performed before the SSA[1], the firm now seeks $6,107.25 under § 406(b) for services rendered in the United States District Court. (Doc. 30 at 1.) The Martone Law Firm also proposes to retain $957.66 of the EAJA fee for the applicable sales tax and $67.25 of the EAJA fee for advanced costs for medical records.

## LEGAL STANDARDS

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Fees awarded for representation before the United States District Court are not necessarily limited by the amount of fees awarded by the Commissioner for representation before the SSA. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). However, if fees are

---

[1] Counsel was paid a $6,989.00, which reflects the full $7,080.00 minus the $91.00 user fee. (Doc. 30 at 1; Doc. 30-2 at 1.)

awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

**REASONABLENESS DETERMINATION**

The $6,107.25 sought by the Martone Law Firm represents 11.58% of the total past-due benefits as described in the Important Notice ($7,080.00 for services before the SSA and $6,107.25 remaining, for the balance of 25% of past-due benefits), and thus it does not exceed the statutory cap. The firm's fee agreement with Griego entitles it to no more than 25% of all past-due benefits. (Doc. 30-3 at 1.) The sum of the $6,989.00 fee the Martone Law Firm collected under § 406(a) for representation before the SSA and the amount sought here totals 25% of the past-due benefits.

Gary Martone asserts that neither he nor his law firm performs hourly work (Doc. 30-4 at 2), but notes that a total of 11.7 hours of attorney time were spent on representing Griego before this Court (*id.* at 3). The fee requested under § 406(b) thus amounts to approximately $521.99 per hour, which is within the range of fees approved in this District in the past. *See, e.g.*, *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005). The affidavit also discusses the Martone Law Firm's extensive experience and expertise in social security work.

I recognize the inherent risk that this and other firms take when regularly representing social security claimants on a contingency basis. *See Faircloth*, 398 F. Supp. 2d at 1173 (citation omitted) (noting that perhaps 35% of claimants appearing at the federal court level will obtain benefits). Courts are generally more inclined to accept even "an amount that would seem untenable in an hourly rate arena" when accounting for such risk of loss. *See id.* at 1174.

Importantly, I see no evidence of delay in these proceedings. Approximately twelve months passed between the time that Griego filed her complaint in this Court and the time that I remanded the case to the SSA. During that time, the Martone Law Firm did not request any extensions on Griego's behalf.

Finally, I recognize that the past-due benefits award of $52,749.00 seems at first glance to be somewhat large considering the time invested in this case. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). That said, a court should not "penalize [a claimant]'s attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F. Supp. 2d at 1174. Having reviewed several recent awards of attorneys' fees under § 406(b), I find that the fee award requested here is not so outside the norm as to be unreasonable. *See Feldbusch v. Astrue*, No. CV 10-1081 MV/KBM, Doc. 32 (D.N.M. Feb. 7, 2014) (awarding $8,604.50 in § 406(b) attorneys' fees for 20.4 hours of work yielding approximately $74,418 in past-due benefits); *Marlin v. Astrue*, No. CV 10-0049 DJS, Doc. 27 (D.N.M. May 31, 2011) (awarding $9000.00 in § 406(b) attorneys' fees for 20.4 hours of work yielding $81,475 in past-due benefits).

Having considered the above factors, I conclude that the request for attorneys' fees is reasonable. While I note that the motion was filed approximately one year after Griego received notice of a fully favorable decision, the motion was filed approximately three months after the "Important Information" notice that detailed the amount withheld for § 406(b) fees. I find this to be a reasonable timeframe.

Pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), counsel must refund the EAJA award—minus sales tax and advanced costs—if the award under § 406(b) is larger.

## CONCLUSION

For the foregoing reasons, the motion for attorneys' fees in the amount of $6,107.25 pursuant to 42 U.S.C. § 406(b) is GRANTED.

IT IS SO ORDERED.

                                                                             _____
                                                                             William P. Lynch
                                                                             United States Magistrate Judge